Yasmeen Al-Farouk Pro Se
784 Spotted Eagle Street
Henderson, Nevada 89015
jalfarouk54@gmail.com
Tel: (702) 272-8902

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| YASMEEN AL-FAROUK, Pro Se<br><br>Plaintiff,<br><br>*vs.*<br><br>State of Nevada; Nevada State Department of Employment Training & Rehabilitation Security Division; KRISTINE K. NELSON (Successor for LYNDA PARVEN) in her capacities as DETR ESD Administrators; THOMAS SUSICH in his capacity as Chairperson of the Board of Review; CHRISTOPHER SEWELL in his capacity as Director; AARON D. FORD in his capacity as Nevada State Attorney General and the Attorney for Department of Employment Training & Rehabilitation; TODD M. WEISS in his capacity as Nevada State Deputy Attorney General and the Attorney for Department of Employment Training & Rehabilitation; JEN SARAFINA in her capacity as Attorney for Nevada Department of Employment Training & Rehabilitation, GOVERNOR JOSEPH LOMBARDO, as head of all State Agencies in Nevada.<br><br>Defendants | Case No.: 2:23-cv-01372-CDS-VCF<br><br>**FIRST AMENDED COMPLAINT** for DAMAGES Violation of Federal Civil Rights, The Due Process Clause of the 14th Amendment of the United States Constitution.<br>(42 U.S.C. & 1983)<br><br>Nevada Sovereign Immunity Waiver NRS 41.031<br><br>Unemployment Insurance Fraud<br><br>Negligence |

**DEFENDANTS**

Defendant No. 1

| | |
|---|---|
| Name: | Kristine Nelson (Successor of Lynda Parven) |
| Job or Title: | DETR ESD Administrator |
| Address: | 500 East 3rd Street |
| | Carson City Nevada 89713 |
| County: | Orsmby |
| Phone: | 775-684-3849/702-486-0350 |
| E-Mail: | esdlegal@detr.nv.gov |

Defendant No. 2

| | |
|---|---|
| Name: | Thomas Susich |
| Job or Title: | Chairman DETR Board of Review |
| Address: | 500 East 3rd Street |
| | Carson City Nevada 89713 |
| County: | Orsmby |
| Phone: | 775-684-3849/702-486-0350 |
| E-Mail: | esdlegal@detr.nv.gov |

Defendant No. 3

| | |
|---|---|
| Name: | Christopher Sewell |
| Job or Title: | Director DETR |
| Address: | 500 East 3rd Street |
| | Carson City Nevada 89713 |
| County: | Orsmby |
| Phone: | 775-684-3849/702-486-0350 |
| E-Mail: | esdlegal@detr.nv.gov |

Defendant No. 4

| | |
|---|---|
| Name: | Aaron D. Ford |
| Job or Title: | Attorney General |
| Address: | 555 E. Washington Avenue, #3900 |
| | Las Vegas, Nevada 89101 |
| County: | Clark |
| Phone: | 702-486-3420 |
| E-Mail: | esdlegal@detr.nv.gov |

Defendant No. 5

| | |
|---|---|
| Name: | Todd M. Weiss |
| Job or Title: | Deputy Attorney General |
| Address: | 555 E. Washington Avenue, #3900 |
| | Las Vegas, Nevada 89101 |
| County: | Clark |
| Phone: | 702-486-3420 |
| E-Mail: | tweiss@ag.nv.gov |

Defendant No. 6

| | |
|---|---|
| Name: | Jen Sarafina |
| Job or Title: | Attorney |
| Address: | 2800 E. St. Louis |
| | Las Vegas, NV 89104 |
| County: | Clark |
| Phone: | 702-486-0299 |
| E-Mail: | j-sarafina@detr.nv.gov |

Defendant No. 7

| | |
|---|---|
| Name: | Joseph Lombardo |
| Job or Title: | Governor |
| Address: | 555 E. Washington Avenue, #5100 |
| | Las Vegas, NV 89101 |
| County: | Clark |
| Phone: | 702-486-2500/775-684-5670 |
| E-Mail: | esdlegal@detr.nv.gov |

1

2

3

**FIRST AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATION**

Plaintiff YASMEEN AL-FAROUK, in proper person (hereinafter "Plaintiff"), hereby files his Complaint against the Defendants, and alleges as follows:

4

**NATURE OF ACTION**

5

6

7

8

1.      This is a civil rights action by Plaintiff Yasmeen Al-Farouk against the Defendants named herein seeking damages and injunctive relief against said Defendants, pursuant to U.S.C. 42 1983, to remedy violations of his right secured by the Due Process Clause of the 14th Amendment.

9

10

2.      This is also a civil action for a violation of the Sovereign Immunity Wavier NRS 41.031

11

12

3.      The actions complained of herein all took place in The United States of America Clark County, and State of Nevada

13

14

**JURISDICTION AND VENUE**

15

16

4.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. & 1331 and U.S.C. 42 1983.

17

18

5.      This Court possesses proper subject matter and personal jurisdiction over the parties.

19

6.      Venue is appropriate in this district.

20

**PARTIES**

21

22

23

7.      Plaintiff is a Self-Employed career office administrator performing office services via remote for a construction company located in Maui Hawaii. She became unemployed on May 1, 2020, because of the COVID-19 Pandemic.

24

25

26

27

8.      Defendant Kristine Nelson (Successor for Lynda Parven) is a person subject to suit under U.S. Code 42 1983. As the Administrator of State of Nevada, Department of Employment Training and Rehabilitation, Security Division, she is bound by the United States Constitution. Lynda Parvin is being sued in her official and individual capacity.

28

4

9.      Defendant Thomas Susich is a person subject to suit under U.S. Code 42 1983. As the Chairperson of the Board of Review for the State of Nevada, Department of Employment Training and Rehabilitation, he is bound by the United States Constitution.  Thomas Susich is being sued in his official and individual capacity.

10.      Defendant Thomas Sewell is a person subject to suit under U.S. Code 42 1983. As the Director State of Nevada, Department of Employment Training and Rehabilitation, he is bound by the United States Constitution.  Thomas Sewell is being sued in his official and individual capacity.

11.      Defendant Joseph Lombardo is the Governor of the State of Nevada, Governor Lombardo is a person subject to suit under U.S. Code 42 1983. As the head of all the State Agencies in Nevada he is bound by the United States Constitution.   Governor Lombardo is sued in his official and individual capacity.

12.      Defendant Aaron D. Ford is a person subject to suit under U.S. Code 42 1983. As the Attorney General of the State of Nevada he is bound by the United States Constitution. Attorney General Ford is sued in his official and individual capacity.

13.      Defendant Todd M. Weiss is a person subject to suit under U.S. Code 42 1983. As the Deputy Attorney General of the State of Nevada he is bound by the United States Constitution.   Deputy Attorney General Weiss is sued in his official and individual capacity.

14.      Defendant Jen Sarafina is a person subject to suit under U.S. Code 42 1983. As an Attorney licensed in the State of Nevada, she is bound by the United States Constitution.   ty Attorney Sarafina is sued in her official and individual capacity.

15.      Defendant State of Nevada is sued under the Sovereign Immunity Wavier NRS 41.031 for committing unemployment insurance fraud and negligence.

## FACTS

16.      Before filing this action, Plaintiff filed a claim for Pandemic Unemployment Insurance hereinafter PUA, with the Department of Employment, Training & Rehabilitation hereinafter DETR, which was approved but has never been paid.

17.     Judge Timothy C. Willams, Judge Anna Albertson, DETR Administrator Lynda Parven, Attorney Todd Weiss, Attorney Arron Ford, and Attorney Jen Sarafina were involved in a conspiracy against the plaintiff's civil rights.

18.     Plaintiff's claim for Pandemic Unemployment Assistance (PUA) was finally accepted by the Department of Employment, Training, & Rehabilitation and a Monetary Determination approving the claim was received on July 31,2020; claim effective April 26, 2020.

19.     Plaintiff's claim remained unpaid for eight (8) months without a denial of claim or explanation for non-payment. A violation of Plaintiff's constitutional "14th Amendment right to Due Process, The Coronavirus Aid, Relief, and Economic Security Act (CARES Act), and NRS 612.465 (2).

20.     Denial for benefits was received March 31, 2021, eight (8) months after Monetary Determination.

21.     Plaintiff appealed the denial on March 31, 2021. The appeal hearing was held on March 9, 2022, more than eleven (11) months after the initial appeal. A violation of "Due Process".

22.     During the appeals hearing Plaintiff asked Referee which specific qualification of the CARES Act resulted in denial of benefits. Referee stated he did not know, confirming denial and appeal process was a fraud.

23.     The referee's basis to deny benefits was in contradiction to the CARES Act and not predicated on any rule of law and is thereby fraud.

24.     The Board of Review affirmed the decision of the referee, thereby affirming fraud.

25.     DETR ESD Administrator Parven was aware of processing failures of Plaintiffs claim and violation of "Due Process" and NRS NRS 612.465 (2) and NRS 612.808 (1), via Plaintiff's numerous emails, faxes, contact by a social worker from the office of Congressman Horsford, and as a defendant in Plaintiff's Petition for Writ of Mandamus.

26.     DETR ESD Administrator Nelson is a responsible party as the newly appointed Administrator replacing Lynda Parven.

27.    DETR Director Sewell, in his position as Director and previously as Deputy Director, is responsible for oversight of the agency, its performance, and litigation.

28.    Attorneys from the Office of the Attorney General defended violation of "Due Process" and acted in a fraudulent manner in the defense of DETR ESD in Plaintiff's Petition for Writ of Mandamus.

29.    Plaintiff has evidence of coordination between Attorney for DETR and the office of Judge Williams presiding over Plaintiffs Petition for Writ of Mandamus. Judge Williams failed to address any violations by the defendants and supported violation of "Due Process".

30.    Judge Albertson in presiding over Plaintiffs Judicial Review expressed she had no issues with processing of Plaintiffs claim, went beyond her stated boundaries in her ruling, and signed an order Denying Petition for Judicial Review in direct contradiction of her stating ruling in the hearing.

31.    Governor Lombardo as head of State Agencies did not address any of DETR's publicly known and widely reported failures, made no leadership changes, and promoted an individual a party to the failures.

32.    The Defendants have violated Plaintiff 14th Constitutional right to Due Process and to "Property"; in violation of NRS 612.465 (2) and NRS 612.808 (1) governing unemployment compensation. Defendants acted in a fraudulent, neglectful, and conspiratorial manner.

**COUNT ONE (Violation of the 14th Amendment Due Process Clause of the United States Constitution – Against all defendants)**

33.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 32 of this Complaint and incorporates each as though fully set forth herein.

34.    Plaintiff was approved for Pandemic Unemployment Assistance on July 26, 2020. The claim remained unpaid without explanation or further determination for eight (8) months.

7

35.    Plaintiff's claim was denied on March 31, 2021, and appealed on the same date. Plaintiff received Invalid Appeal Determination nine months and thirteen days (9.13) days later on January 13, 2022.

**COUNT TWO (Nevada Sovereign Immunity Wavier NRS 41-031)**

**Negligence**

36.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 32 of this Complaint and incorporates each as though fully set forth herein.

37.    The office of unemployment has a fiduciary obligation to distribute the unemployment payments in a timely manner. They also have a fiduciary obligation to offer an appeal in 12 days.

38.    The office of unemployment has failed in its duty to distribute the payments or offer the appeal in a timely manner.

39.    As a result of their negligence the Plaintiff had to exhaust all savings, charge credit cards to their maximum, and borrow money from family to cover basic living expenses including rent, utilities, and food. Eventually, Plaintiff lost all household furniture contained in a three-bedroom 2-bathroom home. Plaintiff had to depend of foodbanks and government assistance for food. Plaintiff was also forced to stay with various friends and family members until being able to rent a room in a shared residence with family members.  Plaintiff is unable to rent her own separate residence due to the decimation of her credit score which went to a negative number for a period.

40.    The Plaintiff is and has been under an enormous amount of emotional and mental anguish, financial stress and frequently suffers from bouts depression due to DETR's failure to provide mandated emergency relief and instead force litigation.

**COUNT THREE (Nevada Sovereign Immunity Wavier NRS 41.031) Unemployment**

**Insurance Fraud**

41.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 32 of this Complaint and incorporates each as though fully set forth herein.

42.    Plaintiff filed a Petition for Writ of Mandamus on January 18, 2022, after receiving the Invalid Appeal Determination from DETR on January 13, 2022. Three (3) days later January 21, 2022, Plaintiff received a hearing scheduled notification from DETR for a March 9, 2022, after the appeal had already been deemed invalid.

43.    Attorney Weiss attended a scheduling hearing for Plaintiff's Petition for Writ of Mandamus held on February 3, 2022, and was given 30 days to reply to Writ Petition; no reply was filed. A hearing was held on April 26, 2022; Attorney Weiss did not attend the hearing. On these three occasions, Weiss never complained about the lack of service of the Petition.

44.    Attorney Weiss filed a hearing request for reconsideration of Judge Williams order granting Writ Petition due to lack of service, after not attending the hearing in which Writ Petition was granted.

45.    Judge Williams granted a request for reconsideration and set aside the order granting the Writ Petition in a hearing on July 1, 2022, for lack of service, despite Plaintiff having satisfied the service issue on May 6, 2022, well before the hearing.

46.    Despite 14th Amendment Due Process law and NRS 612 violations Attoney's argued that Plaintiff had not satisfied DETR's administrative remedies.

47.    Judge Williams gave Respondents the utmost latitude during the proceedings ignoring their violations of 14th Amendment and NRS 612 law, excusing not attending a hearing, and refused to rule further until Plaintiff satisfied all DETR administrative remedies.

48.    Judge Albertson repeatedly stated the limitation of only deciding on the basis of the decision of the Referee and inability to change the decision. Judge Albertson then proceeded to exactly the opposite of this, basing her decision to deny on a premise not included in the Referee's decision and signing an order drafted by Attorney Sarafina which did not include the basis of the Judge's decision.

49.    The Referee and Attorneys in both the Writ Petition and Judicial review all used the same decision basis and defense assertion of non-attachment to Nevada labor market, which is not based on any law, unemployment compensation, or CARES Act. guidance. In fact, the CARES Act. states the opposite of this assertion.  This is evidence of a coordinated effort of fraud.

WHEREFORE, for the foregoing reasons, the Plaintiff prays for Judgment against the Defendants as follows:

1.  For the maximum amount of monetary remedy available for damages that occurred under U.S. Code 42 1983 for the deprivation of Plaintiff's constitutional rights secured under the "Due Process Clause" of the United States Constitution.

2.  For Punitive Damages more than $100,000.00.

3.  For $100,000.00 under NRS. 41.031 for unemployment insurance fraud and negligence.

4.  For such other and further relief as the Court deems just and proper.

DATED this 9th day of September, 2023.

Yasmeen Al-Farouk

By: _Yasmeen Al-Farouk_____
Yasmeen Al-Farouk Pro Se
784 Spotted Eagle Street
Henderson, Nevada 89015