**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

Yasmeen Al-Farouk,

               Plaintiff,

vs.

Kristine Nelson, et al.,

               Defendants.

Case No. 2:23-cv-01372-CDS-VCF

**ORDER**

Plaintiff filed an application to proceed in forma pauperis (IFP), an amended complaint, and a motion to file electronically. ECF Nos. 1, 4, and 5.  I grant plaintiff's IFP application and her motion to file electronically. ECF Nos. 3 and 4. I dismiss her amended complaint without prejudice. ECF No. 5.

## I.      Whether Plaintiff May Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff states that she receives $1188 per month in Social Security benefits and has $10 in her account. ECF No. 3. She states that she pays $750 per month in rent with utilities and $25 per month for her phone. *Id.*  I grant plaintiff's IFP application.

## II.     Whether Plaintiff's Complaint States a Plausible Claim

### a.  Legal Standard

Since I grant plaintiff's IFP application, I review plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of

the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979)). To obtain relief pursuant to section 1983, a plaintiff must establish a "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

### b. Complaint

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging that the Department of Employment, Training & Rehabilitation unlawfully denied her pandemic unemployment benefits. ECF No. 5. Plaintiff alleges that she applied for Pandemic Unemployment Assistance, presumably pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) enacted by Congress on March 27, 2020. Pub. L. No. 116-136, 134 Stat. 281 (2020). Plaintiff alleges that it took eight months to receive a denial, and the denial lacked an explanation. *Id.* She alleges that she unsuccessfully appealed to the Board of Review. *Id.* She also filed an unsuccessful writ of mandamus in state court. *Id.*

Plaintiff's allegations implicate her right to procedural due process under the Fourteenth Amendment. To state a procedural due process claim, plaintiff must allege facts showing "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). Plaintiff's complaint fails to establish these elements.

Plaintiff's complaint does not allege a protected property interest in unemployment assistance. "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972). Plaintiff does not allege facts plausibly suggesting that she qualified for and was entitled to receive Pandemic Unemployment Assistance. Plaintiff alleges only that she was self-employed, but then became unemployed in May 2020 because of the pandemic. Plaintiff alleges that she completed claims for Pandemic Unemployment Assistance and received a denial eight months later. Plaintiff must allege facts showing that he qualified for unemployment benefits to assert a protected property interest per Rule 8.

Plaintiff also fails to allege facts suggesting that the defendants failed to provide adequate

3

procedural protections, including notice of its decision and an opportunity for plaintiff to be heard. *Ludwig v. Astrue*, 681 F.3d 1047, 1053 (9th Cir. 2012) ("Notice and [a meaningful] opportunity to be heard are the hallmarks of procedural due process."). Plaintiff admits that she received notice of DETR's decision and filed an administrative appeal. She also filed a writ of mandamus in state court.  Plaintiff alleges that the appeals process was unfair, but nonetheless she maintains that she was able to pursue the appeals process. While plaintiff is unhappy with the result, this by itself does not render the procedural process inadequate. To the extent that plaintiff's complaint is an attempt to appeal either the administrative or state court decision, this Court lacks jurisdiction to review those decisions.

Since the plaintiff must successfully state a federal claim to proceed with his case, I will not screen plaintiff's potential state law claims at this time. See *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) (holding that "[w]here a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice").

It is possible that these deficiencies may be cured through amendment.  Plaintiff must file an amended complaint explaining the factual circumstances of the case and the law upon which she relies in bringing the case.  The amended complaint must be complete in and of itself without reference to the superseded pleading.

ACCORDINGLY,

I ORDER that plaintiff Yasmeen Al-Farouk's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

I FURTHER ORDER that plaintiff Al-Farouk's motion for pro se litigant to file electronically (ECF No. 4) is GRANTED IN PART with the following provisions: (1) Yasmeen Al-Farouk is authorized to register as filer in this case.  LR IC 2-1(b); (2) plaintiff must submit a completed registration form available on the court's website, https://www.nvd.uscourts.gov LR IC 2-1(d); (3) once registered, plaintiff must comply with all Local Rules, especially LR IC 2-2.

I FURTHER ORDER that plaintiff Al-Farouk's operative complaint (ECF No. 5) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDER that plaintiff has until Monday, November 13, 2023, to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

I FURTHER ORDER that if plaintiff files an amended complaint, the Clerk of the Court is directed NOT to issue summons on the amended complaint.  I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  See 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District

Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 13th day of October 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE