UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Yasmeen Al-Farouk,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Specialized Loan Servicing LLC, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:23-cv-01372-CDS-MDC<br><br>**Report and Recommendation for Dismissal**<br><br>Amended Complaint (ECF No. 9) |

　　　　Pro se plaintiff Yasmeen Al-Farouk filed an amended complaint (ECF No. 20) pursuant to the Court's screening order (ECF No. 8). The Court has reviewed the plaintiff's amended complaint. ECF No. 9. The Court also takes judicial notice that plaintiff brought identical claims against different defendants in the United States District Court, District of Hawaii, which the Court dismissed with prejudice after plaintiff failed to comply with the Court's orders. See *Al-Farouk v. Butay*, 2023 U.S. Dist. LEXIS 226473, *1. The Court recommends that the plaintiff's case be dismissed.

**I.　　Discussion**

　　**a.　Plaintiff's amended complaint**

　　In the amended complaint, plaintiff alleges that she is a self-employed career office administrator. ECF No. 9. She again fashions her amended complaint as a civil rights case pursuant to 42 U.S.C.S. Section 1983. ECF No. 9. For brevity, the Court will not repeat the entire prior screening order here but will discuss the relevant portions. ECF No. 8. The Court previously found that plaintiff had not alleged facts in her civil rights complaint to plausibly suggest that she was qualified for and was entitled to receive Pandemic Unemployment Assistance. *Id.*

　　In the plaintiff's amended complaint, plaintiff alleges that that she completed claims for Pandemic Unemployment Assistance in Nevada and received a denial eight months later. ECF No. 9. The plaintiff

does not note, however, that she already attempted to bring these same claims (though against different defendants) in federal court in Hawaii and that Court dismissed her case with prejudice. See *Al-Farouk v. Butay, supra.* The Court also reviewed plaintiff's amended complaint and the screening order in the Hawaii case. *Id.* at 1:23-cv-00385-LEK-KJM, ECF Nos. 6 and 13. Plaintiff alleged in her amended complaint in Hawaii that she first applied in Nevada since she works remotely and then she learned that she was supposed to file in Hawaii. *Id.* at ECF No. 6. While plaintiff cannot replead causes of action that have been dismissed with prejudice by another Court, in an abundance of caution, the Court will review plaintiff's claims in the Nevada case since she brings these claims against Nevada defendants.

### i. Eleventh Amendment

A § 1983 claim for damages is not cognizable against the state, arms of the state, or state officials sued in their official capacities. Such parties are not 'persons' under § 1983 and cannot be held liable for money damages under § 1983. *Thornton v. Brown*, 757 F.3d 834, 839 (9th Cir. 2013)). The Eleventh Amendment bars suits for monetary damages or injunctive relief against state agencies. *Shaw v. Cal Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 603 (9th Cir. 1986). "The Eleventh Amendment bars claims for damages against a state official acting in his or her official capacity. It does not, however, bar claims for damages against state officials in their **personal** capacities." *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) (emphasis in original) (citations omitted).

In plaintiff's amended complaint she brings claims against the state and various officials in their official capacities. The federal court in Hawaii warned plaintiff in its original screening order that her claims against the State of Hawaii, the state agencies, and the Hawaiian State Officials was barred by the Eleventh Amendment. Plaintiff's claims against the State of Nevada, the state agencies, and the state

official defendants are barred.[1] Plaintiff cannot cure the defects in her claims against the State of Nevada and the state agencies, so her claims must be dismissed with prejudice. See *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). In plaintiff's amended complaint in this Court regarding the state official defendants, plaintiff does not seek "prospective relief from ongoing violations of federal law[.]" See *Koala v. Khosla*, 931 F.3d 887, 895 (9th Cir. 2019). The Court recommends that these claims against these defendants be dismissed with prejudice.

### ii. Failure to State a Claim

Regarding plaintiff's claims against the individual defendants in their individual capacities, plaintiff fails to plead sufficient factual allegations to state plausible § 1983 claims. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citations and internal quotation marks omitted)).

Plaintiff appears to be asserting her Fourteenth Amendment due process rights were violated by the mismanagement of her benefits application. There are insufficient allegations from which this Court could determine whether plaintiff qualifies for benefits in Nevada.[2] Plaintiff failed to state plausible §

---

[1] See plaintiff's caption, the State of Nevada, the Nevada State Department of Employment Training & Rehabilitation Security Division, Kristine K. Nelson (Successor for Lynda Parven) in her capacities as DETR ESD Administrator; Lynda Parven in her capacity as former DETR ESD Administrator; Jorge Ceballos in his capacity as DETR Appeals Referee; Thomas Susich in his capacity as Chairperson of the Board of Review; Christopher Sewell in his capacity as Director; Aaron D. Ford in his capacity as Nevada State Attorney General and the Attorney for Department of Employment Training & Rehabilitation; Todd M. Weiss in his capacity as Nevada State Deputy Attorney General and the Attorney for Department of Employment Training & Rehabilitation; Jen Sarafina in her capacity as Attorney for Nevada Department of Employment Training & Rehabilitation, Governor Joseph Lombardo, as head of all State Agencies in Nevada.

[2] As noted, plaintiff states in her Hawaii case that Nevada was not the correct state to file.

3

1983 claims against the individual defendants for violation of her Fourteenth Amendment due process rights.

Plaintiff § 1983 claims against the individual defendants also fail because she has not sufficiently alleged a protected property interest. A plaintiff bringing a due process claim must show that there is a protected property or liberty interest at stake. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Plaintiff has not sufficiently alleged that she is entitled to unemployment benefits in Nevada. Plaintiff does not allege sufficient factual allegations that, if proven, would show that she has a legitimate claim of entitlement to the benefits.

Plaintiff's § 1983 claims against the individual defendants also fail because she has not sufficiently alleged how each of the individual defendants was involved in the violation of her rights. See *Iqbal*, 556 U.S. at 676. ("Because vicarious liability is inapplicable to…§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff's § 1983 claims against the individual defendants fail to state plausible claims for relief and must be dismissed. See *Iqbal*, 556 U.S. at 678. Plaintiff has now had multiple opportunities to amend, and another Court has already dismissed these claims with prejudice. The Court recommends that plaintiff's claims against all the named defendants also be dismissed.

Accordingly,

The Court RECOMMENDS that that this action be DISMISSED and Judgment entered, accordingly.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

It is so recommended.

DATED this 22nd day of February 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge

5