UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Yasmeen Al-Farouk,<br><br>             Plaintiff<br><br>v.<br><br>Kristine Nelson, et al.,<br><br>             Defendants | Case No. 2:23-cv-01372-CDS-MDC<br><br>**Order Sustaining in Part and Overruling in Part Plaintiff's Objections, Adopting in Part and Overruling in Part the Magistrate Judge's Report and Recommendation**<br><br>[ECF Nos. 11, 12] |

       Plaintiff Yasmeen Al-Farouk brings this action under 42 U.S.C. § 1983 alleging that she was unlawfully denied pandemic unemployment relief. She alleges that the Department of Employment, Training, and Rehabilitation (DETR), its administrators and attorneys, the state attorney general, and the governor of Nevada violated her rights under the due process clause of the Fourteenth Amendment and the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").

       Al-Farouk initiated this action by filing an application to proceed *in forma pauperis* (IFP) and a complaint. ECF Nos. 1-1; 3. Before the complaint could undergo mandatory screening, Al-Farouk filed an amended complaint. First Am. Compl. (FAC), ECF No. 5. After a review, Magistrate Judge Cam Ferenbach (Ret.) granted Al-Farouk's IFP but dismissed the FAC with leave to amend. Order, ECF No. 8. Al-Farouk filed a second amended complaint on October 29, 2023. Second Am. Compl., ECF No. 9. Now, after screening under 28 U.S.C. §§ 1915 and 1915A, Magistrate Judge Maximiliano D. Couvillier III recommends that Al-Farouk's second amended complaint be dismissed with prejudice. R&R, ECF No. 11. Al-Farouk objects to that recommendation. Obj., ECF No. 12.

After conducting a de novo review of the second amended complaint, Judge Couvillier's R&R, and Al-Farouk's objections, I overrule in part and sustain in part the objections. Accordingly, for the reasons set forth herein, the R&R is adopted in part so Al-Farouk's claims against defendants in their official capacities are dismissed with prejudice and her CARES act claim (count three) is dismissed with prejudice. Al-Farouk's § 1983 claims however may proceed.

## I. Legal Standard

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

A magistrate judge's order should only be set aside if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

## II. Discussion

As an initial matter, Al-Farouk objects to the R&R's finding that the "plaintiff cannot replead causes of action that have been dismissed with prejudice by another Court[.]" ECF No. 11 at 2; ECF No. 12 at 5. There appears to be a mistake in the R&R as to the timing of these pleadings. In the instant matter, Al-Farouk's second amended complaint was timely filed on October 29, 2023. ECF No. 9. The District of Hawaii did not enter an order dismissing Al-Farouk's first amended complaint with prejudice until December 20, 2023. *See Al-Farouk v. Butay*,

1:23-cv-00385-LEK-KJM, ECF No. 15. Thus, put simply, Al-Farouk did not replead causes of action that had been dismissed with prejudice by another court. "[I]n an abundance of caution, . . . . [the R&R] review[ed] plaintiff's claims in the Nevada case," ECF No. 11 at 2, but to the extent the R&R relied on Hawaii's dismissal to make its finding, that part is overruled.

### A.   I adopt the R&R's holding on the Eleventh Amendment.

The R&R recommends that the claims against the state official defendants in their official capacities be dismissed with prejudice pursuant to the Eleventh Amendment. ECF No. 11 at 2–3. Al-Farouk objects that the Eleventh Amendment was not addressed in the previous R&R dismissing her claims with leave to amend; that the Magistrate Judge improperly relied on the Hawaii order for this finding; and that dismissal with prejudice is inappropriate as amendment can "easily remed[y]" this issue. ECF No. 12 at 7 (citing ECF No. 8). For the following reasons, I overrule these objections.

Al-Farouk names nine individuals as defendants all in their official and individual capacity. ECF No. 9 at 6–7. Based on sovereign-immunity principles, the Eleventh Amendment dictates that a state official cannot be sued in his official capacity for money damages. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Leer v. Murphy*, 844 F.2d 628, 631–32 (9th Cir. 1988) (Eleventh Amendment bars official-capacity actions for damages). It does not, however, bar claims for damages against state officials in their personal capacities." *Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) (emphasis in original) (citations omitted).

Seven of the individuals are former or current employees of the Nevada State Department of Employment, Training, and Rehabilitation. DETR is a state agency and neither it nor its employees acting in their official capacity may be sued for damages. *Alden v. Maine*, 527 U.S. 706 (1999); *Cardenas v. Anzai*, 311 F.3d 929, 934 (9th Cir. 2002). Al-Farouk's objections that the previous R&R (ECF No. 8) did not address this point and that dismissal with prejudice is inappropriate are unavailing for the same reason—no prior notice nor amendment would cure

this issue and Al-Farouk is already suing the defendants in their official *and individual* capacities. *See* ECF No. 9 at 6–7.

I further note that, although Al-Farouk has properly named the state of Nevada under NRS 41.031, Nevada's waiver of liability does not apply to § 1983 actions governed by federal law. *Garmong v. State*, 2021 Nev. App. Unpub. LEXIS 5 at *7 (2021) ("Nevada's waiver of liability under NRS 41.031 does not apply to Section 1983 actions governed by federal law."); *Craig v. Donnelly*, 439 P.3d 413 (Nev. App. 2019) ("[T]he State cannot be named as a party to a plaintiff's § 1983 civil rights claims."). Nevada's consent to suit in state court does not constitute consent to suit in federal court. Thus, I dismiss Nevada as a defendant and adopt the R&R's holding that Al-Farouk's § 1983 claims against DETR and all defendants in their official capacities are barred and dismissed with prejudice.

**B. I decline to adopt the R&R's holding regarding the section 1983 claims.**

The R&R recommended that I dismiss the section 1983 claims for failure to state a claim. ECF No. 11 at 3–4. Under Federal Rule of Civil Procedure 8, to state a claim, a complaint must make clear exactly who is alleged to have done what to whom. Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 662 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotation signals omitted).

Al-Farouk brings two section 1983 due process claims under the Fourteenth Amendment. ECF No. 9 at 12. To state a procedural due process claim, plaintiff must allege facts showing "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).

The R&R states that "[t]here are insufficient allegations from which this Court could determine whether plaintiff qualifies for benefits in Nevada." ECF No. 11 at 3. Al-Farouk objects

that "[t]his issue is addressed in the amended complaint with exhibits providing confirmation." ECF No. 12 at 8. I agree with Al-Farouk. The complaint alleges that "[Al-Farouk] has a constitutionally protected property interest in unemployment assistance benefits under the CARES Act [Pandemic Unemployment Assistance (PUA)] program and is owed Thirty-nine Thousand, Two-hundred and Fifty-one dollars ($39,251) in benefit payments from effective date April 26, 2020, through September 4, 2021[.]" ECF No. 9 at 8. This allegation is accompanied by an exhibit containing a letter from DETR in July 2020 informing her that she is "financially eligible for [PUA]" and providing calculations of her weekly benefit amount "*in Nevada*[.]" ECF No. 9-1 at 6 (emphasis added). At the pleading stage, this is sufficient for the court to determine that it is plausible Al-Farouk had a constitutionally protected interest in Nevada.

The R&R also stated that Al-Farouk's "section 1983 claims against the individual defendants also fail because she has not sufficiently alleged how each of the individual defendants was involved in the violation of her rights." ECF No. 11 at 4 (citing *Iqbal*, 556 U.S. at 676) ("Because vicarious liability is inapplicable to...§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.")). Al-Farouk objects that the R&R "does not address the amended complaint where relevant" and ignores amendments made since Judge Ferenbach's R&R. ECF No. 12 at 9. I agree with Al-Farouk.

Individual capacity suits "seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer v. Melo*, 502 U.S. 21, 27–29 (1991). Indeed, "to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Dismissal is warranted where a plaintiff fails to "say which wrongs were committed by which defendants" even when the plaintiff has "identif[ied] the statutes or constitutional provisions making the conduct wrong." *McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996). A plaintiff must allege facts, not simply conclusions; and those facts must show that the individual sued was personally involved in the

alleged deprivation of the plaintiff's civil rights. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

In her most recently amended complaint, Al-Farouk adds a host of specific allegations outlining how the individual defendants were involved. For example, she alleges that Jorge Ceballos admitted to Al-Farouk, upon inquiry, "that he did not know which specific criteria was not met causing denial" and that the appeals process was "a fishing expedition in search of a reason to deny benefits." ECF No. 9 at 11. Further, Al-Farouk provides allegations challenging the adequacy of her procedural protection: that there was excessive delay in her process—over eight months before denial and then over a year before a hearing on appeal. "[E]ven the temporary or partial impairments to property rights that attachments, liens, and similar encumbrances entail are sufficient to merit due process protection." *Sterling v. Feek*, 2022 U.S. Dist. LEXIS 200758, *14 (W.D. Wash. Nov. 3, 2022) (quoting *Connecticut v. Doehr*, 501 U.S. 1, 12 (1991)). She also alleges that defendants failed to adhere to the mandate of the CARES Act in adjudicating their decision, which states that "[i]ndividuals must file for PUA in the state where he or she was working at the time of becoming unemployed, partially unemployed, or unable or unavailable to work because of a COVID-19 related reason listed in the CARES Act statute and the Department's guidance." ECF No. 9 at 12–13.[1] At the pleading stage, this is sufficient to state a claim. For those reasons, I decline to adopt the R&R's holding regarding Al-Farouk's 1983 claims.

C.  The CARES Act claim is dismissed with prejudice.

Though the R&R does not address the CARES act claim (count three), I address it here and dismiss it. Al-Farouk does not have a private right of action to pursue a claim under section 503(a)(1) of the CARES Act. *Sterling*, 2022 U.S. Dist. LEXIS 200758, *25–26 ("Nothing in the language of § 503(a)(1) suggests a private right of action."); *see also Mashrique v. JP Morgan Chase*

---

[1] Al-Farouk was allegedly denied benefits because defendants found Al-Farouk did not have "attachment to the Nevada Labor Market," but Al-Farouk was working remotely from Nevada at the time of being unemployed. ECF No. 9 at 13.

*Bank, N.A.*, 2023 U.S. Dist. LEXIS 171861, *9–10 (N.D. Cal. Sept. 26, 2023) (holding no private cause of action for CARES act). "Without statutory intent, a cause of action does not exist and courts may not create one." *Saloojas, Inc. v. Aetna Health of California, Inc.*, 80 F.4th 1011 (9th Cir. 2023). Most courts which have considered the issue, including the Ninth Circuit, have found Congress did not include a private right of action in the CARES Act. *See Saloojas Inc. v. Blue Shield of California Life and Health Ins. Co.*, 2022 WL 4843071, at *1 (N.D. Cal. Oct. 3, 2022) (stating "the overwhelming majority of district courts to have addressed the issue have found" neither the CARES Act nor the Families First Coronavirus Response Act creates a private right of action); *see also Ortiz v. Bus. Consumers and Hous. Agency*, 2023 WL 2188694, at *2 (C.D. Cal. Feb. 23, 2023) (stating the CARES Act does not create a private right of action). Accordingly, I dismiss Al-Farouk's CARES Act claim with prejudice.

### III. Conclusion

For the foregoing reasons, IT IS THEREFORE ORDERED that plaintiff's objection to the report and recommendation **[ECF No. 12] is SUSTAINED in part and OVERRULED in part as outlined in this order.**

IT IS FURTHER ORDERED that the report and recommendation **[ECF No. 11] is ADOPTED in part and OVERRULED in part as outlined in this order**.

Al-Farouk's claims against defendants in their official capacities are dismissed with prejudice and her CARES act claim (count three) is dismissed with prejudice. Al-Farouk's § 1983 claims may proceed.

Dated: July 31, 2024

_____
Cristina D. Silva
United States District Judge