**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Yasmeen Al-Farouk,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>Kristine Nelson, *et al.*,<br><br>　　　　　Defendant(s). | 2:23-CV-01372-CDS-MDC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND (ECF NO. 19) AND AMENDED ORDER (AMENDS ECF NO. 16)** |

Plaintiff filed a *Motion to Amend* ("Motion"). ECF No. 19. The Court GRANTS plaintiff's Motion. *Id.*

Plaintiff argues that the Court's previous Order should have included a directive to issue summons for defendant Jorge Ceballos, the Department of Employment, Training & Rehabilitation ("DETR") Appeals Referee. The Court notes that Jorge Ceballos is not listed on the docket. The Court reviewed the previous screening order which references Jorge Ceballos. ECF No. 13. The Court also notes that plaintiff named Jorge Ceballos in her amended complaint. ECF No. 9. The Court is aware that the Nevada Attorney General's ("AG") Office has now made an appearance and is representing the other DETR defendants. ECF No. 25. To save judicial and court resources, before ordering service by the U.S. Marshals, the Court first directs the AG's Office to inform the Court of whether they will accept service for Jorge Ceballos given that they represent the other DETR employees.

**IT IS ORDERED that:**

1. The plaintiff's *Motion to Amend* (ECF No. 19) is GRANTED.

2. The Clerk of Court is kindly directed to:

    a. Add defendant Jorge Ceballos to the docket.

    b. Electronically serve a copy of this order, plaintiff's complaint (ECF No. 9), and the screening order (ECF No. 13) on the Office of the Attorney General of the

State of Nevada. This does not indicate acceptance of service for defendant Ceballos.

3. By **October 15, 2024**, the Attorney General's Office shall file a notice advising the Court and plaintiff whether it accepts service for defendant Ceballos. If the Attorney General's Office does not accept service for defendant Ceballos, the Attorney General's Office must file defendant Ceballos's last known address under seal and indicate that it has filed this information under seal in its notice. If defendant Ceballos's last known address is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address.

4. If the Attorney General's Office accepts service of process for defendant Ceballos, he shall file and serve an answer or other response to the complaint by **November 15, 2024.**

5. If the Attorney General's Office cannot accept service for defendant Ceballos, the Court will direct the Clerk of Court to issue summons at that time.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's

attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED: October 2, 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge