**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Yasmeen Al-Farouk,<br><br>      Plaintiff,<br><br>vs.<br><br>Kristine Nelson, et al.,<br><br>      Defendants. | 2:23-cv-01372-CDS-MDC<br><br>**ORDER GRANTING MOTION TO STAY DISCOVERY (ECF NO. 42)** |

  The Court has considered the defendants' *Motion to Stay Discovery* ("Motion") (ECF No. 42). The Court GRANTS the Motion.

  The Court finds staying discovery is appropriate in this case. Federal courts have the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)).  When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (*quoting* Fed. R. Civ. P. 1).  Thus, the Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1.

  The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *2 (D. Nev. May 21, 2024).  The

pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id*.

The defendants have filed a motion to dismiss, in which they argue that plaintiff's claims are barred by preclusion doctrines and are not plausible. ECF No. 42 at 4. The pro se plaintiff did not file a response to the Motion. Ordinarily, pursuant to LR 7-2(d), the failure of an opposing party to file a response to a motion constitutes a consent. However, given the plaintiff's pro se status, the Court reviews the Motion on the merits, but cautions the plaintiff that failure to file a response in the future may constitute automatic consent.

Reviewing the Motion in the light most favorably to the plaintiff given her pro se status, the Court finds that the plaintiff will not be prejudiced by a short stay of discovery, as no discovery is needed to determine the legal questions of preclusion and whether the complaint is plausible. The defendants, on the other hand, would be prejudiced if discovery commenced now because it would effectively deny them of their argument that this case is barred. The Court finds that the motion to dismiss can be decided without any discovery. The Court also finds good cause to stay discovery until the Court resolves the issues the defendants raise in the motion to dismiss.

**IT IS ORDERED** that:

1. Defendants' *Motion to Stay Discovery* (ECF No. 42) is GRANTED. Discovery in this matter will be stayed pending resolution of defendants' motion to dismiss (ECF No. 25).

2. If the Court denies' defendants' motion to dismiss (ECF No. 25), <u>within two weeks of the entry of the Court's order</u>, the parties shall meet and confer in compliance with Local Rule IA 1-3(f) and file a proposed discovery plan and scheduling order in compliance with Local Rule 26-1.

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

Dated: January 3, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge