UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| Yasmeen Al-Farouk, | Case No. 2:23-cv-01372-CDS-MDC |
|---|---|
| Plaintiff | **Order Dismissing and Closing Case** |
| v. | |
| Kristine Nelson, et al., | |
| Defendants | |

Plaintiff Yasmeen Al-Farouk, proceeding pro se, brings this action under 42 U.S.C. § 1983 alleging that she was denied her procedural due process when she sought Pandemic Unemployment Insurance. On April 17, 2025, I granted defendants' motion to dismiss but gave Al-Farouk another opportunity to amend her Fourteenth Amendment due process claims against defendants Kristine Nelson, Lynda Parven, and Christopher Sewell. Order, ECF No. 48. Al-Farouk had until May 8, 2025, to file a third amended complaint. *Id.* at 27. That deadline expired and Al-Farouk did not file an amended complaint, move for an extension of time, or otherwise respond. Because the prescribed factors weigh in favor of dismissal, this action is dismissed without prejudice.

I.  Discussion

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to

dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. (PPA) Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing Al-Farouk's claims. Al-Farouk's failure to comply makes resolving this litigation, expeditiously or otherwise, impossible because it cannot move forward without an operative complaint. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[D]ismissal . . . serves the public interest in expeditious resolution of litigation as well as the court's need to manage its docket because Plaintiffs' noncompliance has caused the action to come to a complete halt, thereby allowing Plaintiffs to control the pace of the docket rather than the court.") (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

The third factor also weighs in favor of dismissing Al-Farouk's claims. There is no apparent risk of prejudice to defendants by dismissing the action at this time; indeed, defendants filed a motion to dismiss challenging each of Al-Farouk's amended pleadings.

The fourth factor, the public policy favoring disposition of cases on their merits, always weighs against dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("[T]he public policy favoring resolution on the merits clearly counsels against dismissal.") (citation omitted); *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal."). However, Al-Farouk's failure to amend has caused the action to come to a complete halt, making resolution on the merits difficult, if not impossible. And "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228.

1     Last, with respect to whether less drastic measures have been considered, the court has determined that dismissal without prejudice is proper here. *See Ash*, 739 F.2d at 496 (noting that dismissal without prejudice is considered a lesser sanction and therefore is a "more easily justified sanction for failure to prosecute"); *see also Childers v. Arpaio*, 2009 WL 3756487 at *2 (D. Ariz. Nov. 5, 2009) (noting that dismissal without prejudice imposed a "less drastic sanction" compared to dismissal with prejudice).

## II. Conclusion

Having thoroughly considered these dismissal factors, I find that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Al-Farouk's failure to file a third amended complaint in compliance with my April 17, 2025 order. The Clerk of Court is kindly directed to enter judgment accordingly and to close this case.

Dated: June 2, 2025

_____
Cristina D. Silva
United States District Judge